1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

BRIAN PLASKON,

10

Plaintiff,

11

v.

12

PUBLIC HOSPITAL DISTRICT NO. 1 OF
KING COUNTY d/b/a VALLEY MEDICAL
CENTER, *et al.*,

13
14

Defendants.

15
16

Case No.  C06-0367RSL

ORDER DENYING DEFENDANTS'
MOTIONS FOR ATTORNEY'S FEES
AND REFERRING MOTION FOR
COSTS

17

## I.  INTRODUCTION

18
19
20

This matter comes before the Court on defendants' motions for attorney's fees and costs
(Dkt. #43, #47).  On November 16, 2007, the Court granted defendants' motion for summary
judgment and dismissed all of plaintiff's claims.

21

For the reasons set forth below, the Court denies defendants' motions for attorney's fees.[1]

22

## II.  ANALYSIS

23
24

Defendants initially filed their motion for attorney's fees pursuant to RCW 4.84.185.
After plaintiff's counsel informed them that the statute does not apply to actions in federal court

25
26
27

_____

[1]  Because the Court finds that this matter can be decided on the memoranda,
declarations, and exhibits, plaintiff's request for oral argument is denied.

28

ORDER DENYING MOTIONS
FOR ATTORNEY'S FEES - 1

applying only federal law, defendants withdrew their request.  On December 14, 2007, defendants filed a "supplemental memorandum" requesting an award of fees under 42 U.S.C. § 1988.  There is no provision in the Local Rules for filing a "supplemental memorandum," nor has the Court approved it.  Even if the Court were to construe that filing as a motion, it was untimely.  The statute itself does not provide a time limit, but Fed. R. Civ. P. 54(d)(2)(B)(i) does: "Unless otherwise provided by statute or order of the court, the motion [for attorney's fees] must be filed no later than 14 days after entry of judgment."  In this case, judgment was entered on November 19, 2007.[2]  Despite the allegation to the contrary, plaintiff's counsel did not mislead defense counsel into missing the deadline.  Nor will the Court enlarge the deadline. Even if the motion had been timely, it would be denied for the reasons set forth below.

Defendants have also requested sanctions pursuant to the Court's inherent authority and under 28 U.S.C. § 1927.  Those requests are timely.  See Fed. R. Civ. P. 54(d)(2)(E) (explaining that the time limit in subsection (B) do not apply to sanctions under § 1927).  District courts have "the inherent power to impose sanctions on counsel who willfully abuse judicial processes."  United States v. Blodgett, 709 F.2d 608, 610 (9th Cir. 1983) (internal citation and quotation omitted).  Section 1927 states: "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Plaintiff incorrectly argues that the statute does not apply to him.  Plaintiff is an attorney licensed to practice law in Washington, and the statute applies to *pro se* parties.  See, e.g., Wages v. IRS, 915 F.2d 1230, 1235-36 (9th Cir. 1990).

"The imposition of sanctions under Section 1927 requires a finding that counsel acted recklessly or in bad faith, while those imposed under the court's inherent power require a

---

[2] Plaintiff argues that judgment was entered on November 16, 2007, the date on the judgment, but the docket plainly reflects that the judgment was entered on November 19, 2007.

ORDER DENYING MOTIONS
FOR ATTORNEY'S FEES - 2

1    finding that counsel's conduct constituted or was tantamount to bad faith." <u>Blodgett</u>, 709 F.2d

2    at 610 (internal citations and quotations omitted).  Plaintiff submitted two requests for relief

3    from the Court as letters, despite the Court's warning that any such request must be contained in

4    a motion and otherwise comply with the Local Rules.  Defendants also argue that plaintiff filed,

5    then abandoned, his claim, just as he did during the hospital's internal review process.

6    Understandably, plaintiff's conduct has frustrated defendants, and it has forced them to incur

7    significant defense costs.  However, plaintiff's failure to take discovery or to more vigorously

8    pursue this case could, but does not necessarily, reflect an improper purpose in filing it.[3]

9    Plaintiff's First Amended Complaint included time barred claims, but he voluntarily dismissed

10   them once defendants raised the issue.  Plaintiff did not respond to defendants' motion for

11   summary judgment, but he did request a continuance to try to do so while proceeding *pro se*.  In

12   addition, although the Court granted defendants' motion for summary judgment, it cannot say

13   that plaintiff's claims were brought in bad faith or so frivolous as to warrant sanctions.[4]

14       The most troubling conduct was that plaintiff's counsel belatedly served deposition

15   notices after the Court had already dismissed the case, apparently in an attempt to deter the

16   filing of a motion for fees and costs.  Declaration of Daniel Brown, (Dkt. #47), Ex. B (plaintiff's

17   counsel stating that plaintiff would "withdraw the discovery if defendants agree that they will

18   not seek fees and expenses").  However, plaintiff's newly-retained counsel, not plaintiff,

19   engaged in that conduct, and defendants have not sought sanctions against counsel.

### III.  CONCLUSION

20       For all of the foregoing reasons, the Court DENIES defendants' motion for attorney's

21   fees (Dkt. #47) and DENIES IN PART defendants' motion for attorney's fees and costs (Dkt.

22

23

24       [3] Similarly, plaintiff's decision to sue some, but not all, of the members of the hospital's
Board of Commissioners could indicate an improper motive, but the record is insufficient to

25   reach that conclusion.

26       [4] The Court made this determination without considering the declarations that plaintiff

27   submitted to the Court for the first time with his opposition to the motion for fees.

28   ORDER DENYING MOTIONS
     FOR ATTORNEY'S FEES - 3

#43) to the extent that it sought attorney's fees.  The motion for costs (Dkt. #43) is referred to the Clerk of the Court for resolution.

DATED this 28th day of January, 2008.


Robert S. Lasnik
United States District Judge