UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN PLASKON,

    Plaintiff,

    v.

PUBLIC HOSPITAL DISTRICT NO. 1 OF KING COUNTY d/b/a VALLEY MEDICAL CENTER, *et al.*,

    Defendants.

Case No. C06-0367RSL

ORDER DENYING PLAINTIFF'S MOTION TO RETAX COSTS

    This matter comes before the Court on plaintiff's motion to retax the photocopying costs of $529.03 awarded by the Clerk of the Court on February 4, 2008. Plaintiff alleges that the photocopying costs should be disallowed because defendants failed to itemize the costs or show that they were necessary for use in the case.

    Pursuant to 28 U.S.C. § 1920(4), the Court may tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." Plaintiff's counsel cites several out of circuit district court opinions that have interpreted the statute narrowly. The Ninth Circuit, however, has interpreted the statute more broadly. See, e.g., Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990) (per curiam) (rejecting narrow interpretation of the statute and explaining that it "enables a court to award

ORDER DENYING MOTION
TO RETAX COSTS - 1

copying costs for any document 'necessarily obtained for use in the case' and does not specifically require that the copied document be introduced into the record to be an allowable cost"); <u>Disc Golf Ass'n, Inc. v. Champion Discs, Inc.</u>, 158 F.3d 1002, 1010 (9th Cir. 1998) (explaining that pursuant to the statute, photocopying costs "need only have been 'necessarily obtained' in the context of the litigation"); <u>Waters v. Heublein, Inc.</u>, 485 F. Supp. 110, 116 (N.D. Cal. 1979) (finding that "the costs for items defendants describe as 'ordinary office xeroxing' are allowable under 28 U.S.C. § 1920(4) as fees for papers necessarily obtained for use in the case").  Defense counsel has filed a sworn declaration stating that he has reviewed the copying charges and the copying "was necessary and reasonable for preparing the case." Declaration of Daniel Brown, (Dkt. #61) at ¶ 3.  In addition, defendants have submitted a list of the dates on which the costs were incurred, and the timing of the charges supports defendants' assertion.  Finally, the Court has reviewed the photocopying expenses, and based on its familiarity with the case and the voluminous filings therein, finds the amount to be reasonable and well within the range of reasonable costs typically incurred by parties who have litigated the case through a successful motion for summary judgment.

Accordingly, plaintiff's motion to retax costs (Dkt. #60) is DENIED.

DATED this 28th day of February, 2008.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
TO RETAX COSTS - 2